IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNOLD STEVEN MIRALDA-CRUZ,     Plaintiff, | § § § | |
| v. | § § | No. 3:22-cv-01378-B (BT) |
| UNITED STATES OF AMERICA,     Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil rights action brought by Plaintiff Arnold Steven Miralda-Cruz, a federal prisoner. On May 2, 2022, Miralda-Cruz filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. *See Miralda-Cruz v. United States*, Case Number 3:22-cv-01045-B-BT (N.D. Tex.). In a motion to appoint counsel he filed in his habeas case, Miralda-Cruz made several civil claims. *See Miralda-Cruz*, Case Number 3:22-cv-01045-B-BT (ECF No. 9). Accordingly, on June 24, 2022, the Court severed the civil claims out and opened this civil rights action. (ECF No. 4.) And on June 27, 2022, the Court sent Miralda-Cruz a Notice of Deficiency and Order (ECF No. 5), which ordered him to file a complaint in compliance with Rule 8(a) and on a court-approved form and to pay the filing fee or file a motion to proceed *in forma pauperis* in this case. The Order further informed Miralda-Cruz that failure to respond and cure the deficiencies by July 27, 2022, could result in a recommendation that his case be dismissed. Miralda-

1

Cruz has not filed any response, and he has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's June 27, 2022 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Miralda-Cruz has failed to comply with the Court's order to file his complaint in compliance with Rule 8(a), submit his claims on a court-approved form, and pay the filing fee or file a motion to proceed *in forma pauperis*. This litigation cannot proceed until he cures these deficiencies. Miralda-Cruz has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Miralda-Cruz's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed July 28, 2022.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　REBECCA RUTHERFORD
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).